IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANGELA MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:11-CV-216-WKW [WO] |
| | ) |
| PHENIX CITY HOUSING | ) |
| AUTHORITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed a Verified Complaint and Petition for Preliminary Injunction (Doc. # 1) on March 23, 2011, alleging violations of the United States Housing Act of 1937, 42 U.S.C. § 1437, and of the Fifth and Fourteenth Amendments to the United States Constitution through 42 U.S.C. § 1983. She seeks permanent and preliminary injunctive relief, a declaratory judgment, and compensatory damages, as well as costs of court and attorney's fees. (Compl. ¶ 20.)

The case is before the court on Plaintiff's Petition for Preliminary Injunction. An evidentiary hearing on the motion was held on June 22, 2011, in Opelika, Alabama. Based upon the evidence adduced at the hearing, the arguments of counsel, and the relevant law, the court finds that the motion for a preliminary injunction is due to be granted on the grounds and terms stated herein.

## I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331, 1343, and 2201-02. Personal jurisdiction and venue are uncontested, and the court finds adequate allegations in support of both.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). To prevail on a motion for a preliminary injunction, the plaintiff bears the burden of demonstrating that

> "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."

*Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Id.* (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)).

## III.  FACTUAL BACKGROUND

Plaintiff was a participant in the Housing Assistance program pursuant to 42 U.S.C. § 1437f ("Section 8"), administered locally by Defendant Phenix City Housing Authority ("PCHA").  Plaintiff's last recertification was on December 9, 2009, and on that recertification application, she listed that she had two children – C.M. and A.M. – living with her.  (Def.'s Hr'g Ex. 3.)  Pursuant to regulations promulgated by the Department of Housing and Urban Development ("HUD") with respect to Section 8, "[t]he family must promptly notify the [PCHA] if any family member no longer resides in the unit."  24 C.F.R. § 982.551(h)(3).  By letter dated September 2, 2010, and received a day later by Plaintiff (Compl. ¶ 8; Termination Letter (Pl.'s Hr'g Ex. A)), the PCHA informed Plaintiff that "the police were called to [Plaintiff's] unit for child neglect and [A.M.] has not been in the home, which you failed to report to PCHA."  (Termination Letter).  The letter further stated that Plaintiff had "the right to request an informal hearing," but that the request "must be received in writing within 10 working days."  (Termination Letter.)

On September 13, 2010, within the ten-working-day period, Plaintiff went to the PCHA and filled out a form titled "Customer Service Request."  (Pl.'s Hr'g Ex. B.)  She hand-wrote on the form that "[t]his matter is on-going and has not yet been

3

setted [sic]¹. Only allegations and has not been found to be true." (Hr'g Request.) Also, on the top right corner of the form is what appears to be a different person's handwriting, which states: "REQUEST FOR HEARING." (Hr'g Request.) Plaintiff testified that the handwriting belongs to the PCHA secretary, who presented her with the form when Plaintiff advised her of the reason for her visit.

Meanwhile, Defendant Monica Wynn, PCHA's Section 8 director, investigated Plaintiff's case further, and concluded that C.M. also was not living with Plaintiff, but instead with Plaintiff's mother. In part due to this development and in part due to Ms. Wynn's assertion that she reviewed the regulations further, PCHA informed Plaintiff by letter dated September 17, 2010, that her request for a hearing was denied. The body of the letter states, in full: "Your termination for 10/01/2010 from Section 8 will be upheld and no hearing will be given. You have fraud [sic] the program for almost a year by claiming children in the household that [sic] do not reside with you." (Denial of Hr'g Letter (Def.'s Hr'g Ex. 4).)

Plaintiff has been terminated from the program, and currently resides with her mother.

---

¹ It is unclear whether Ms. Miles was attempting to employ the past participle of the verb "to set" or "to settle."

## IV.  DISCUSSION

**A.     Substantial Likelihood of Success on the Merits**

Plaintiff's claim that she was denied a pre-termination hearing in violation of the U.S. Housing Act and the Fifth and Fourteenth Amendments to the U.S. Constitution demonstrates a substantial likelihood of success on the merits.  The testimony and evidence introduced at the preliminary injunction hearing unambiguously demonstrate that Plaintiff's assistance was terminated for her alleged failure to notify PCHA that A.M. – and possibly C.M. as well – were not living in Plaintiff's household.  The September 2, 2010 Termination Letter states as its only ground for termination that "A.M. has not been in the home, which you failed to report to PCHA."  (Termination Letter.)  In PCHA's September 17, 2010 Denial of Hearing Letter, this reason is reiterated:  "You have fraud [sic] the program for almost a year by claiming children in the household that [sic] do not reside with you."  (Denial of Hr'g Letter.)  PCHA offers no other valid justification for terminating Plaintiff's Section 8 assistance.[2]

---

[2] Ms. Wynn also maintains that Plaintiff's request for a hearing was inadequate, because it was not in Plaintiff's own writing.  The court finds this reasoning wholly unpersuasive.  Plaintiff did submit a writing indicating an attempt to request a hearing.  Furthermore, Plaintiff was present when the PCHA's secretary wrote "REQUEST FOR HEARING" on the document the secretary provided to Plaintiff.  Either one of these writings alone would be sufficient.

24 C.F.R. § 982.555(a) enumerates a list of circumstances in which a participant must be given an opportunity for an informal hearing. One of those circumstances involves "[a] determination [by the PCHA] to terminate assistance for a participant family because of the family's action or failure to act (see § 982.552)." § 982.555(a)(1)(v). Following the regulation's cross-reference, § 982.552 states, in relevant part, that "[t]he [PCHA] may . . . terminate program assistance for a participant . . . [i]f the family violates any family obligations under the program (see § 982.551)." § 982.552(c)(1)(i). Again following the regulation's cross-reference, § 982.551 (titled "Obligations of participant") states, in relevant part, that "[t]he family must promptly notify the [PCHA] if any family member no longer resides in the unit." § 982.551(h)(3). Tracking the cross-references to the terminus, the end result is that an informal hearing, if properly requested, is *required* by regulation if a decision to terminate assistance is based upon the participant's failure to notify the local PHA that "any family member no longer resides in the unit." § 982.551(h)(3). Based upon the regulations and upon the evidence demonstrating Plaintiff's timely, written request for a hearing (*see* Pl.'s Hr'g Ex. B), the record at this stage demonstrates that Plaintiff was entitled to a pre-termination hearing, and the PCHA's failure to provide one was in contravention of HUD's Section 8 regulations and the U.S. Housing Act.

Defendants nevertheless argue that the decision to terminate Plaintiff's assistance was based not upon § 982.555(a)(v), but instead upon § 982.555(b)(1)-(2). § 982.555(b) enumerates a list of circumstances where a hearing is not required. Subsection (1) refers to "[d]iscretionary administrative determinations by the [PCHA]." Subsection (2) refers to "[g]eneral policy issues or class grievances." Neither of these justifications applies. Reliance on these subsections is unavailing based upon: (1) analogy to canons of statutory interpretation; and (2) the U.S. Constitution.

As recited above, the regulations at issue expressly require a hearing in this case. Principles of regulatory interpretation disfavor reliance on broad catch-all provisions when a more precise provision is applicable. *See Tasker v. DHL Ret. Savs. Plan*, 621 F.3d 34, 43 (1st Cir. 2010) ("'It is a conventional canon of legal interpretation that specific provisions trump more general ones . . . and that canon applies [to regulations].'" (quoting *Harry C. Crooker & Sons, Inc. v. OSHRC*, 537 F.3d 79, 84 (1st Cir. 2008)); *see also Morris v. U.S. Nuclear Regulatory Comm'n*, 598 F.3d 677, 706 (10th Cir. 2010) ("It is a well-established principle of statutory and regulatory interpretation that a provision should be read such that no term is rendered nugatory."). Defendants' reliance on "[d]iscretionary administrative determinations" and "general policy issues" when a more precise set of regulations is applicable is

both contrary to the law and unfaithful to the regulatory scheme by which the PCHA exists.

Such an application of these two subsections also would be unconstitutional as applied. "The 'privilege' or the 'right' to occupy publicly subsidized low-rent housing seems to us to be no less entitled to due process protection than entitlement to welfare benefits which were the subject of decision in *Goldberg* or the other rights and privileges referred to in *Goldberg*." *Caulder v. Durham Housing Auth.*, 433 F.2d 998, 1003 (4th Cir. 1970), *cert. denied* 401 U.S. 1003 (1971); *see also Goldberg v. Kelly*, 397 U.S. 254, 260-66 (1970) (holding that welfare recipients are entitled to a pre-termination of benefits hearing). The provisions of § 982.555(b) must be construed so as to avoid running afoul of a Section 8 participant's due process rights.

In summary, Plaintiff has demonstrated a substantial likelihood of success on her claim that she was denied a pre-termination hearing in violation of the U.S. Housing Act and of the Fifth and Fourteenth Amendments to the U.S. Constitution.

**B.    The Other Preliminary Injunction Elements**

The court also finds that the other three preliminary injunction elements are present. Although currently living with her mother, Plaintiff's financial affidavit (Doc. # 2) demonstrates that she is unable to pay full rent and that she faces "an extremely high risk of homelessness." (Br. in Support 7 (Doc. # 16).) The threatened

injury to Plaintiff outweighs whatever damages the injunction may cause Defendants in time and expense. Finally, an injunction advances the public interest by requiring the PCHA to adhere to the laws and regulations that govern public housing, as well as to the U.S. Constitution.

## V. CONCLUSION

Plaintiff was denied a pre-termination hearing to which she was clearly entitled. No opinion is expressed on the underlying factual issues that Defendants say prompted the termination notice.

Accordingly, it is ORDERED:

1. Plaintiff's Petition for a Preliminary Injunction (Doc. # 1) is GRANTED;

2. Defendants are DIRECTED to reinstate Plaintiff's Section 8 benefits and/or eligibility, retroactive to the date of termination; and

3. Plaintiff shall pay no security in connection with this preliminary injunction.

DONE this 29th day of June, 2011.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE